IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THOMAS BROTHERTON                                                    PLAINTIFF

v.                          No. 4:12-cv-534-DPM

JAY HILL, individually and in his
official capacity; ALLEN JACKSON,
individually and in his official capacity;
ALLEN RUSHING, individually and
in his official capacity; DAVID DONHAM,
individually and in his official capacity;
THE ARKANSAS HEALTH CENTER                                      DEFENDANTS

ORDER

Defendants motion for partial dismissal, *Document No. 4*, is granted in part and denied in part.

1.  Brotherton concedes that the Arkansas Health Center is not an entity amenable to suit. This healthcare facility is dismissed as a defendant with prejudice.

2.  It is unclear whether, in Count II, when Brotherton refers to "Defendants" he means the Arkansas Health Center or some other entity. The Court declines Defendants' request for an advisory opinion about unnamed entities. If Brotherton means some entity other than the Center, he should file

an amended complaint clarifying this by 18 January 2013. In the meantime, Count II is dismissed without prejudice.

**3.** Brotherton has not made a plausible allegation that either Allen Jackson or Allen Rushing violated his Fourth Amendment rights. No facts alleged by Brotherton support their involvement in the drug test. They were merely lumped in with the other defendants. This does not satisfy the pleading standard. FED. R. CIV. P. 8. Brotherton's Fourth Amendment claims against Jackson and Rushing are dismissed without prejudice.

**4.** The Fifth Amendment claims set out in Brotherton's complaint are murky. But the results of the drug test were not used against Brotherton, so there was no constitutional violation. *Davis v. City of Charleston*, 827 F.2d 317, 323 (8th Cir. 1987). Therefore, the Fifth Amendment claims are dismissed without prejudice.

**5.** Brotherton's retaliation claims in violation of the First Amendment and the Rehabilitation Act are dismissed without prejudice because the allegations, even if taken as true, do not constitute a violation of the law. His claims that he was threatened with unspecified disciplinary action, yelled at,

and told to take a day of sick leave do not amount to a materially adverse employment action. *Burlington Northern v. White*, 548 U.S. 53, 68 (2006).

**6.** The Rehabilitation Act does not authorize individual liability. *Damron v. North Dakota Commissioner of Corrections*, 299 F. Supp. 2d 970, 979 (D.N.D. 2004), *aff'd*, 127 Fed. App'x 909 (8th Cir. 2005) (non-precedential). Brotherton's Rehabilitation Act claims against individual defendants Hill, Jackson, Rushing, and Donham are therefore dismissed with prejudice.

**7.** The Americans with Disabilities Act, incorporated by reference in the Rehabilitation Act, states that tests to determine whether employees have used illegal drugs are not "medical examinations," 42 U.S.C. § 12114(d)(1), and that these kinds of tests are not prohibited, 42 U.S.C. § 12114(d)(2). Brotherton's claims alleging that he was subjected to illegal medical examinations and inquiries under the Act are therefore dismissed with prejudice.

**8.** Brotherton's retaliation claims under the Rehabilitation Act are not legally cognizable. His opposition to the drug test is not protected under the ADA. 42 U.S.C. § 2203(a); 29 U.S.C. § 794(d). These claims are dismissed with prejudice. Because the Court dismisses Brotherton's Rehabilitation Act claims

as not legally cognizable, his related claim for emotional-distress damages is also dismissed.

9. Brotherton says that he has not asserted a claim for punitive damages against a state entity. To the extent that any such allegation lurks in the complaint, it is dismissed without prejudice.

\* \* \*

Motion, *Document No. 4*, granted in part and denied in part. Clarifying amendments, if any, due by 18 January 2013. If Brotherton amends his complaint, he should also eliminate all claims decided by this Order (and remove Arkansas Health Center as a party) to clarify the live issues for everyone.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

9 January 2013