IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THOMAS BROTHERTON                                                    PLAINTIFF

v.                              No. 4:12-cv-534-DPM

JAY HILL, individually and in his
official capacity; and DAVID DONHAM,
individually and in his official capacity                            DEFENDANTS

ORDER

Defendants' motion to dismiss Brotherton's amended complaint or strike its immaterial allegations, *Document No. 21*, is granted. Brotherton has not responded. The Court agrees with the Defendants that the amended complaint does not conform to the Court's earlier Order that dismissed many of Brotherton's claims, *Document No. 19*. Brotherton's only surviving claims are the Fourth Amendment claims against Jay Hill and David Donham under 42 U.S.C. § 1983. The Court strikes certain portions of the amended complaint, as suggested by Defendants and specified in the attached markup.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

14 February 2013

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THOMAS BROTHERTON                                                           PLAINTIFF

VS.                              CASE NO: 4:12cv534

JAY HILL, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY, and
and DAVID DONHAM,
INDIVIDUALLY AND IN HIS                                                     DEFENDANTS
OFFICIAL CAPACITY

## AMENDED COMPLAINT

COMES THE PLAINTIFF, by and through Counsel and for his Complaint he states:

### PARTIES AND JURISDICTIONS

1.      Plaintiff is a resident and citizen of the Grant County Arkansas, who works for the Arkansas Health Center, an instrumentality of the State of Arkansas. Jay Hill was the Acting Director of the Arkansas Health Center, and is now Director, who is sued in his Individual and Official Capacity as an employee of the Department of Human Services. David Donham is Certified Police Officer, who is the Chief of Police for the Arkansas Health Center and is an employee of the Arkansas Health Center who is sued in his Individual and Official Capacity. This is an action to address deprivation of the Plaintiff's rights granted to him under the Fourth Amendment to the United States Constitution, as permitted by 42 USC 1983. The individual Defendants are sued in their individual capacities for false imprisonment. Accordingly, this Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, since this action is brought under 42 U.S.C. §1983. Venue is proper is under 28 U.S.C. §1391, since the acts giving rise to this action occurred in Saline County, Arkansas. This Court has personal jurisdiction over the parties.

**GENERAL ALLEGATIONS OF FACTS**

2. Plaintiff is a state employee working as a Boiler Operator at the Arkansas Health Center, a division of the Arkansas Department of Human Services.

3. At all times relevant, Plaintiff performed his job satisfactorily..

4. On November 22, 2011, suspected methamphetamine was found in the bathroom where Plaintiff works, as well as many others. Prisoners also have access to this bathroom.

5. Toward the end of his shift, there was an announcement for personnel to go to the Building 18 conference room.

6. Plaintiff was there, as were at least twenty more people, including the maintenance department.

7. Plaintiff and the other employees were told by David Donham, with the approval of Hill, who was now the Chief of the Public Safety Department at the Arkansas Health Center, to remain in the room.

8. The Chief, and his officers, are certified police officers and have the power to make an arrest. Plaintiff was falsely imprisoned.

9. Chief Donham indicated that suspected meth residue was found in a bathroom ~~and they wanted all employees there to write a statement saying that they had never used meth in their life. The employees were not informed of any rights at this time, including rights to an attorney and to remain silent. Nor was there any guarantee these statements would not be used for purposes of criminal prosecution. They indicated that all employees would be required to take a drug test.~~

~~10. Accordingly, Plaintiff was forced to write a statement.~~

11. The building was surrounded by police officers and they were told they could not leave, even after they took the test.

12. Plaintiff had an appointment that he wanted to go to.

13. Plaintiff went and asked Chief Donham if he could go ahead and take the test and go. Chief Donham started screaming at the Plaintiff that he could not go and that he had better go back in the room.

14. Accordingly Plaintiff was placed under arrest because he was not allowed to leave for more than 45 minutes by a police officer.

15. Seeking these drug tests and statements were not based upon reasonable suspicion, ~~nor were the consistent with reasonable business necessity.~~

16. ~~Accordingly, this constituted an illegal medical inquiry by an entity accepting federal funds.~~

17. Plaintiff protested these actions to the Defendants, but Defendants required Plaintiff to undergo this drug test anyway, as well as many others.

18. On November 28, 2011, Donham approached Plaintiff and asked him if he was still Donham's friend. Plaintiff refused to associate himself with Donham in that manner and protested by saying that he had no comment. Donham took offense, and got loud with Plaintiff, shaking his finger in Plaintiff's face. Donham said you think you know more about the law than I do. I already got one dirty boy. Presumably, this meant that he would get Plaintiff later on, even though Plaintiff had tested negative.

## COUNT I

19. All actions were taken under color of law.

20. Plaintiff and others met with Jay Hill, who was the director of the Arkansas Health Center. They told Hill they felt their constitutional rights were violated. Hill indicated these actions were taken at his direction and he ratified them after the fact by indicating that what was done was appropriate. Plaintiff said that he felt if he was going to have to take it, everybody should.

21. ~~Allen Rushing is the Director of Maintenance. Allan Jackson is Plaintiff's supervisor. Plaintiff was getting retaliation from employees upset about his speech. Around~~

~~November 30, 2011, Jackson got angry with Plaintiff and tried to force him to discuss his protest of the drug tests. Plaintiff said something Jackson did not like. Jackson was abusive and loud during this conversation. Jackson pulled Plaintiff into a meeting with Rushing, Hill, and Donham. Jackson told them that Plaintiff had a problem, discussing his previous speech, and attributing comments to him that he had not made. Plaintiff got upset and was crying, so they told him to take a sick day, which he did.~~

~~22. Plaintiff believes the acts subsequent to the drug testing were efforts at intimidation, threats, interference, and coercion and occurred because of a failure to train or pursuant to policy or custom.~~

23. Indeed, even after being notified that they had violated these individuals' rights, including the Plaintiff's rights to be free from illegal search and seizure, Defendants continued to maintain their actions were lawful. Therefore, since Plaintiff continues to work at the Arkansas Health Center, the Plaintiff seeks appropriate declaratory and injunctive relief against the Defendants in their Official Capacity, requiring Defendants to cease and desist from requiring its employees to undergo blanket drug tests.

24. On the Constitutional claims in Count I, the Defendants in their official capacity are only sued for injunctive and declaratory relief and fees and costs. The Defendants are sued for damages in their individual capacities for damages on Count I.

25. Plaintiff had a clearly established right to be free from illegal search and seizure under the Fourth Amendment.

26. Nonetheless, Plaintiff's movements were restricted such that he was arrested without probable cause in violation of the 4th Amendment. Defendants' actions caused Plaintiff to cry and to become emotionally distressed such that Plaintiff was required to take leave that he would not otherwise to have taken.

27. ~~Indeed, Defendants have subjected Plaintiff to harassment and threatened disciplinary action, as well as attempted to tamper with his testimony in order to defend a case brought by Stephen Wright, a fellow employee.~~

28.  Defendants' actions, as herein alleged, were in accordance with its policy and practice.

29.  Defendants' policy and practice is to drug test employees without reasonable suspicion.  In fact, there was no reasonable suspicion here.  Rather, there was a blanket drug testing, which is an illegal search and violates the 4th Amendment.

30.  Indeed, Plaintiff, as well as the other employees, were so restricted in their movement such that these restrictions constituted an unreasonable search and arrest in violation of the 4th Amendment.  ~~Indeed, Defendants' failed to give Plaintiff, or any other employee, notice that any information could be used against them.~~  So, Defendants have violated the rights granted to Plaintiff under the United States Constitution.

31.  As direct and proximate cause of Defendants actions and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost work, and incurred other damages in an amount to be proven at trial.

32.  Defendant's actions have been so egregious so as to warrant the imposition of punitive damages against the individual Defendants.

Page 5 of 6

WHEREFORE Plaintiff prays for appropriate compensatory and punitive damages, for a declaratory judgment that the Defendants' actions violated Plaintiff's rights, for an injunction requiring the Defendants to cease blanket drug testing, ~~cease retaliatory activity~~, restore his sick pay, for a trial by jury, for reasonable attorney's fees, for costs, and for all other proper relief.

                                            Respectfully submitted,

                                            SUTTER& GILLHAM, P.L.L.C.
                                            Attorneys at Law
                                            P.O. Box 2012
                                            Benton, AR 72018
                                            501-315-1910  Office
                                            501-315-1916  Facsimile
                                            Attorneys for the Plaintiff

                        By:      */s/ Luther Oneal Sutter*
                                   Luther Oneal Sutter, AR Bar No. 95031
                                   luthersutter@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

David Curran

                        By:      */s/ Luther Oneal Sutter*
                                   Luther Oneal Sutter, AR Bar No. 95031
                                   luthersutter@yahoo.com